IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

        Plaintiff,                      Case No. 03-6126-HO

        v.                             ORDER

TERRY TAYLOR, et al.,

        Defendants.

Plaintiff moves for default judgment against defendant Angela Wethered, pursuant to Fed.R.Civ.P. 55(b). Plaintiff also moves for entry of a permanent injunction, and for an award of attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Wethered. See Order dated October 28, 2003.

## Discussion

Upon default, the factual allegations of the complaint are

generally taken as true, except the allegations relating to damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges Wethered (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices[1] in violation of 18 U.S.C. § 2511(1)(a), and (3) possessed and used pirate access devices, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of plaintiff's satellite transmissions of television programming, and that such devices or components thereof have been or will be sent through the mail or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2512(1)(b). The complaint also contains more specific allegations as to how Wethered came into possession of a pirate access devices. Complaint, ¶ 9.

Based on these allegations, the court finds Wethered liable

---

[1]The complaint defines "pirate access devices" as illegally modified DIRECTV access cards and other devices. Complaint at 2.

on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively. Wethered is not liable on plaintiff's third claim for violation of 18 U.S.C. § 2512(1)(b). There is no private right of action for violation of this statute.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, resolution on the merits is not possible, because Wethered has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Wethered's non-appearance; and nothing suggests that Wethered's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations. 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Wethered is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2)

intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $20,000 for Wethered's violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000 or more than $10,000 for each violation as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). A party whose communication is intercepted may recover damages in a civil action. 18 U.S.C. § 2520(a). A court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

Plaintiff submitted evidence that Wethered purchased equipment needed to receive DIRECTV's services from Circuit City, subscribed to DIRECTV from August, 1999 to March, 2002, purchased a pirate access device consisting of an "unlooper" on or about November 13, 2000. Whalen Decl., ¶¶ 25, 27, Exs. 1 & 2. According to plaintiff's witness, unloopers are used to restore functionality to disabled DIRECTV access cards, and defendant is unaware of legitimate uses for unloopers. Id. ¶ 28. Plaintiff's witness also states that DIRECTV has evidence that Wethered joined a website devoted to piracy on or about March 20, 2002,

belonged to another such website, and posted messages relating to the piracy of DIRECTV programming on websites and usenet forums. Id., ¶ 29, 36. The witness concludes from this evidence that "it is clear that Wethered's unauthorized access to DIRECTV programming likely lasted from November of 2000, . . . through at least March of 2002," and likely longer, and that Wethered could have used the unlooper to pirate DIRECTV programming until April, 2004, when "the data stream for DIRECTV's HU access card was terminated." Id., ¶ 37. Because there is no evidence Wethered successfully intercepted DIRECTV's transmissions, the court declines to award statutory damages.

Plaintiff is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $9,069.33, and costs in the amount of $460.14. The attorneys' fee request is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice in 1992 and 1991, respectively, $180 for Portland attorney Tarbox, admitted in 1999, $125 for paralegal Karnopp, $60 for paralegals McCarthy and Ehlert, and $50 for paralegal Zochert. The attorney rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are

justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar. The court therefore finds the hourly attorney rates to be reasonable.[2]

The number of hours expended, which the court calculated from plaintiff's submissions, is not reasonable.[3] By the court's calculation, plaintiff's fee request of more than $9,000 is based on the following number of hours expended by the following people: 4.47 hours by attorney Long, 12.45 hours by attorney Tarbox, 17.35 hours by attorney Smith, 1.3 hours by paralegal Karnopp, 4.45 hours by paralegal McCarthy, 10.72 hours by paralegal Ehlert, and .6 hours by paralegal Zochert. For comparison, the court notes that it has granted default judgments and attorney fees against fourteen defendants in nine cases filed

---

[2]To calculate fees attributable to hours expended by paralegal Ehlert, the court will use the $60 per hour rate stated in attorney Smith's declaration, and not the $115 per hour rate implied in the billing information submitted by plaintiff. The former rate is stated under penalty of perjury, and is consistent, in the court's experience, with rates commonly charged for paralegal services.

[3]The court would be assisted in future cases by counsel providing the total number of hours claimed by each attorney or paralegal.

by plaintiff. With one exception, the fee awards ranged between $1,955.33 (civil no. 03-1622-HO, defendant Skaggs) and $4,570.67 (civil no. 03-690-HO, defendant Trabosh). In civil case number 03-1233-HO, plaintiff sought more than $9,000 in attorney fees against defendant Le, and the court awarded $7,051.25. The court has surveyed published and unpublished decisions in which district courts awarded attorney fees in connection with default judgments against individual defendants in lawsuits filed by DIRECTV for unauthorized interception of its programming. Awards by this court in the $2,000 to $4,000 range are among the more generous awards. The more than $7,000 award by this court in 03-1233-HO appears exceptional.

By the court's calculation, plaintiff claims approximately 44.5 hours of attorney and paralegal time for preparation of the motions before the court and supporting materials. This amount of hours is unreasonable, considering that plaintiff's attorneys are able to utilize "economies of scale" in their production of documents. For example, papers filed by plaintiff in connection with the default judgment sought against Wethered in large part repeat verbatim the contents of documents filed by plaintiff to obtain a default judgments in 03-1233-HO, where the court awarded more then $7,000 in attorney fees, and in 03-688-HO, among other cases. The motions in the three cases are nearly identical, save for the names, case numbers and amounts sought. The contents of

the supporting memoranda in the three cases is also essentially identical, again save for the names, case numbers and amounts sought, and portions of the respective statements of uncontroverted facts unique to each defendant. Only a few paragraphs of the 16-page declaration of James Whalen are not included in declarations of this witness filed in 03-1322-HO and 03-688-HO.

Notwithstanding the foregoing, it is possible that the fee request is exceptionally large in this case not from the amount of time expended on preparation of documents, but from the amount of time expended reviewing evidence. Plaintiff's block-billing practice prohibits the court from reaching a conclusion either way regarding this possibility. See "Message from the Court re attorney fee petitions," available at <http://ord.uscourts.gov/attorney_fee_statement.pdf>. The evidence submitted unique to Wethered is not voluminous, and so does not lead the court to this conclusion. The evidence consists of five mostly blank pages of DIRECTV's account records for Wethered, a one-page packing slip, and, as noted, paragraphs of the Whalen declaration wherein the witness explains the evidence specific to Wethered and the conclusions he draws from the evidence. Whalen Decl., ¶¶ 25, 27-29, 36-37, Exs. 1-2.

Based on the evidence submitted, the court's experience with similar cases, and the court's research, the court concludes that

one half the time claimed for preparation of the motions before the court and supporting materials. The court will therefore disallow 1.7 hours for attorney Long, 4.325 hours for attorney Tarbox, 8.675 hours for attorney Smith, 5.36 hours for paralegal Ehlert, 1.9 hours for paralegal McCarthy, and .3 hours paralegal Zochert. The court thus awards attorney fees as follows: for attorney Long, 2.77 hours at $250/hr, or $692.50; for attorney Tarbox, 8.125 hours at $180/hr, or $1462.50; for attorney Smith, 8.675 hours at $250/hr, or $2168.75; for paralegal Karnopp, 1.3 hours at $125/hr, or $162.50; for paralegal McCarthy, 2.55 hours at $60/hr, or $153; for paralegal Ehlert, 5.36 hours at $60/hr, or $321.60; for paralegal Zochert, .3 hours at $50/hr, or $15. The total award is $4975.85.

The cost bill reflects costs expended for the filing fee (prorated), fees of the process server, photocopying, and subpoena fees. These costs appear reasonable, and are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#55], and motion for attorney fees and costs [#58] relating to defendant Angela Wethered are granted to the extent provided herein.

Angela Wethered is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in

violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Angela Wethered. The judgment shall provide that plaintiff shall take nothing on its claims, and that plaintiff shall recover from Angela Wethered $460.14 in costs, and $4,975.85 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 30th day if August, 2005.

*Michael R. Hogan*
United States District Judge